UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANKIT SHARMA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26 CV 176 RWS |
| | ) | |
| | ) | |
| GARY STOLZER, Warden of | ) | |
| St. Genevieve Detention Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Ankit Sharma filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that he has been unlawfully detained at the St. Genevieve Detention Center without a bond hearing in violation of the Fifth Amendment right to due process and other rights. He argues that he is entitled to release from detention or, alternatively, a bond hearing to determine whether continued detention is justified.

Petitioner contends that the denial of an individualized determination of bond violates the Fifth Amendment's Due Process Clause. The United States Attorney for the Eastern District of Missouri filed his opposition to the petition on August 26, 2026.

**Background**

Petitioner is a citizen of India who entered the United States without inspection on April 1, 2024. Petitioner was detained by immigration authorities upon arrival and then released on his own recognizance. Petitioner has complied with the conditions of his release on conditional parole and has no criminal history.

On June 3, 2024, Petitioner filed his I-589, Application for Asylum and Withholding of Removal. He has been placed in removal proceedings and had been scheduled to appear for a Master Hearing on July 29, 2026, in Kansas City, Missouri before the Honorable Colin Johnson. However, on July 7, 2026, Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") at an unspecified location and then transferred to the St. Genevieve Detention Center, where he is currently detained. [ECF # 1 at 4]

The United States Attorney contends that Petitioner is being properly detained without a bond hearing under 8 U.S.C. § 1225(b)(2)(A), as an unadmitted noncitizen, and that Petitioner's due process claims fail under binding Eighth Circuit and Supreme Court precedent.[1] The United States Attorney's response to the habeas petition does not contest any of the facts provided in the Petition.[2]

---

[1] The United States Attorney argues that Petitioner's due process claims fail under Banyee v. Garland, 115 F.4th 928 (8th Cir. 2024) and Demore v. Kim, 538 U.S. 510 (2003). But the United States Attorney ultimately concedes the due process issue "for present purposes—while expressly reserving the right to appeal." [ECF # 8 at 4]
[2] The United States Attorney states that "it does not appear that Petitioner has any criminal record." [Id.]

**Discussion**

Because I agree that Petitioner's continued detention without an individualized bond hearing violates the Due Process Clause, I will grant the petition insofar as it seeks a prompt, individual bond hearing. See Garcia Leal v. Stolzer, No. 1:26 CV 157 RWS, 2026 WL 2194741 (E.D. Mo. Jul. 30, 2026) (Sippel, J.); Paez-Herrera v. Stolzer, No. 1:26-CV-00078-AGF, 2026 WL 2198535 (Fleissig, J.); Mekonnen v. Stolzer, No. 1:26-CV-00122-AGF, 2026 WL 2029972 (E.D. Mo. Jul 14, 2026) (Fleissig, J.). In light of this relief, I need not address Petitioner's other claims.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Ankit Sharma's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **GRANTED in part, as follows:**

1. By no later than **ten (10)** days from the date of this Order, the Government must provide Petitioner Ankit Sharma an individualized bond hearing before an immigration judge.
2. If the Government does not provide Ankit Sharma with a bond hearing in accordance with this Order, the Government must immediately release Ankit Sharma from detention; and
3. By no later than **5:00 p.m. on September 9, 2026,** the United States Attorney must provide the Court with a status update concerning the results

of any bond hearing conducted pursuant to this Order or, if no bond hearing was held, concerning the circumstances of Ankit Sharma's release from detention.

A separate Judgment shall accompany this Memorandum and Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of August, 2026.